*1207 OPINION'.
Love:
The petitioner contends that for so much of the taxable periods involved as fell within the calendar year 1917, its' profits taxes should be computed under section 209 of the Revenue Act of 1917 as a trade or business having “ no invested capital or not more than a nominal capital.” For the period January 1, 1918, to August 31, 1918, petitioner claims classification as a personal service corporation.
The Commissioner denied the petitioner’s contentions largely on the ground that he decided that petitioner owned a one-half interest in the Altschul Farm. While we conclude from the evidence that such was not the case, yet it is shown that in the latter part of 1917 petitioner carried a large surplus including quite a considerable amount of cash. While those items may not have been deemed or treated as capital in the technical sense of that term, yet they served the same purpose as capital assets and preclude the computation of the tax under section 209 of the Revenue Act of 1917, because the petitioner had more than a nominal capital.
The claim for personal service classification for the period from January 1, 1918, to August 31, 1918, presents a somewhat different problem, and yet involving the same, together with other requirements. Section 200 of the Revenue Act of 1918 defines a personal service corporation to be, among other things, “ a corporation whose income is to be ascribed primarily to the activities of the principal *1208 owners or stockholders who are themselves regularly engaged in the active conduct of the affairs of the corporation * *
The Board has repeatedly held that a taxpayer must satisfy every requirement of section 200 of the Revenue Act of 1918 in order to be entitled to the benefits of that section. Bryant & Stratton Commercial School, 1 B. T. A. 32; Newam Theatre Corporation, 1 B. T. A. 887. It is therefore only necessary to look for one of these requirements at a time, and if it be not found from the evidence, the claim fails and it is unnecessary to consider whether the remaining statutory attributes are present. In the instant case, in addition to the presence of a considerable surplus, serving the purpose of capital, another requirement is wanting.
Oscar Altschul, who owned 60 per cent of the petitioner’s capital stock, died in May, 1917. Thereafter his widow, Frieda Altschul, took an active part in the conduct of the petitioner’s business. We have vague suggestions but no evidence that Frieda Altschul was a stockholder of the petitioner, and, that its income was primarily ascribable to her activities.
It appears that advances such as the petitioner had theretofore made to Oscar Altschul individually were, subsequent to his death, made to his estate. Upon the record it would seem that the estate of Oscar Altschul was the petitioner’s principal stockholder during 1918. An estate can not render personal service as contemplated by the statute. Park Amusement Co., 16 B. T. A. 587. See also Hanley-Ried & Co., 2 B. T. A. 315. We must approve the respondent’s denial of personal service classification for so much of the petitioner’s fiscal year ended August 31,1918, as fell within the calendar year 1918.
In view of our decision in regard to the personal service feature, and the failure of petitioner to bring itself within the purview of section 209 of the Revenue Act of 1917, it is needless to consider the request to hold that petitioner is entitled to a refund.

Judgment will he entered for the respondent.